Commonwealth v. Lyon.

has been applied to the payment of debts; that there is no difference, as to the claim of dower, between the case of a power by will, to sell for the payment of debts, and the case of the widow's consent to make such a sale; and that the widow's silence, on the subject of this claim, throughout the transaction, operates as a bar and estoppel, to her enforcing it, against a *bond fide* purchaser, for a valuable consideration, without notice. (1 P. Wms. 393; 1 Fonbl. Eq. 151; 18 Vin. Abr. 112; Finch 103; Prec. Chan. 35; 1 Eq. Abr. 355, 356, ca. 8, 10; 9 Mod. 37; 2 Vern. 370, 580; Cowp. 201.)

---

## COMMONWEALTH *v.* LYON.

### *Certiorari.*

A *certiorari* to remove an indictment from a court of quarter sessions to a circuit court will be granted, on an application by the defendant, supported by his affidavit in the usual form, unless something is shown in relation to his character or conduct, to induce the supposition, that public justice is likely to be impaired by the removal. SMITH, J.

THE defendant having made an affidavit in the usual form, applied to SMITH, Justice, for the allowance of a *certiorari* to remove this indictment from the quarter sessions of Northumberland county, into the circuit court.

*Cooper* (acting for the attorney-general) stated the reasons which had induced him to decline consenting to the removal; and the following authorities were mentioned. The removal of an indictment, at the instance of the defendant, is discretionary with the court; but the discretion ought not to be exercised, without special cause. (2 Hawk. 407–8, § 27; 4 Burr. 2458.) The removal is not usually allowed in cases of perjury, forgery, &c., because such offences should be discouraged; and removals not only tend to delay justice, but to discountenance prosecutions. (Ibid. 408, § 28.) The act of assembly contemplates the same principle; for, if the attorney-general does not consent to the removal, writs of *certiorari* are only to be specially allowed, and certified in writing upon the writ, by the

Commonwealth v. Matlack.

supreme court, or one of its judges, upon sufficient cause shown.   (3 Dall. Laws, 92.)

SMITH, Justice.—It is not the practice to enter into an argument upon applications of this nature.   The defendant has made the usual oath, as a ground for allowing the *certiorari ;* and I shall, of course, allow it, unless something is shown, in relation to his character and conduct, which will induce me to suppose, that public justice is likely to be impaired or defeated by the removal.

*Cooper.* declaring that the defendant's character was good, independent of its implication in the present charge : the judge immediately signed the *allocatur.*